IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00049-BNB

STEVE LEON SMITH II,

Applicant,

v.

BLAKE DAVIS, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 18 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Steve Leon Smith II, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Prison Camp in Florence, Colorado. Mr. Smith initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee for a habeas corpus action.

On February 2, 2010, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On February 16, 2010, Respondent filed a preliminary response. Mr. Smith has not filed a Reply.

The Court must construe Mr. Smith's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Smith contends that the BOP has miscalculated the length of his sentence. Amended Application at 3. He asserts that he should receive credit for time served in state custody from April 14, 2005, to April 14, 2006. *Id.*

Respondent argues that Mr. Smith has failed to exhaust BOP administrative remedies before seeking federal court intervention. Respondent contends that Mr. Smith has not filed any administrative remedy requests or appeals during his incarceration in BOP custody. Response at 4. Mr. Smith concedes, Application at 2, and the record confirms that he has not exhausted BOP administrative remedies prior to initiating the instant lawsuit. Response at Ex. A-1.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Smith. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of

his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15.

Mr. Smith appears to argue that exhaustion is futile because he "talked with his case manager, who advised [him] that this matter must be corrected in a court of law." Amended Application at 2. The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." **Holman v. Booker**, No. 98-3124, 1998 WL 864018, at *3 (10th Cir. Dec. 14, 1998) (unpublished decision). Mr. Smith fails to convince the Court that exhaustion of administrative remedies would be futile. Because Mr. Smith has not completed the process of exhausting BOP administrative remedies, he cannot know whether his efforts to exhaust would be futile.

Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this  18th   day of   March  , 2010.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00049-BNB

Steve Leon Smith II
Reg No. 12125-078
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226-5000

William Pharo
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/18/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk